UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY WINSTON HALL,                                          :

                Plaintiff,                   :     REPORT & RECOMMENDATION

   -against-                                                 :
                                                 24 Civ. 02483 (JPC) (GWG)
                                            :

NYC WATER BOARD, Chief Financial Officer                      :
JOSEPH MURIN, Agents, Successors, and Assigns,
                                            :
                Defendants.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony W. Hall, proceeding pro se, brought this action against "NYC Water Board, Chief Financial Officer Joseph Murin, and Unknown Agents, Successors and Assigns" (the "Water Board") alleging breach of contract. The Water Board has moved to dismiss the case under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.[1] For the following reasons, the motion to dismiss for lack of subject matter jurisdiction should be granted.

---

[1] Motion to Dismiss, filed July 3, 2024 (Docket # 21) ("Def. Mot."); Memorandum of Law in Support of Motion to Dismiss, filed July 3, 2024 (Docket # 21-5) ("Def. Mem."); Declaration of Kayetrina Murchison in Support of Motion to Dismiss, filed July 3, 2024 (Docket # 21-1) ("Murchison Decl."); Motion to Suppress, filed August 22, 2024 (Docket # 24, at ECF pages *1-6); Memorandum of Law, filed August 22, 2024 (Docket # 24, at ECF pages *7-10); Motion for Summary Judgement, filed August 22, 2024 (Docket # 24, at ECF pages *11-12); Reply Memorandum of Law in Further Support of Motion to Dismiss, filed September 6, 2024 (Docket # 26) ("Reply").

1

I. <u>BACKGROUND</u>

Plaintiff's complaint (Docket # 1) consists of a form complaint with a brief statement of his claim, a document entitled "Petition for Judicial Review of Administrative Default Contract Witnessed and Adjudged by Notary Public and Order for Full Accounting and Settlement of Title Holder's Account," a document entitled "Affidavit of Specific Negative Averment," a request for "in camera review," followed by various exhibits. ("Compl."). Because the documents do not contain consistent pagination, we cite to the page numbers assigned by the ECF system (*__).

The plaintiff's claim originates from the following series of events:

> The defendant presented a statement of charges to the plaintiff. In an effort to remain in honor the plaintiff returned a bill of exchange to the defendant to discharge and settle the alleged debt. The defendant was given notice they had 5 business days to send a rebuttal by certified mail to plaintiff. Throughout the twenty-eight day administrative process defendant defaulted, and a new contract was accepted by all parties by defendant's tacit acquessence [sic] and tacit procuration.

Compl. at *5. Plaintiff alleges that defendant is "in breach" of the new "perfected contract." <u>Id</u>. Plaintiff seeks "$10,158.96," identified as "the outstanding utility statement" and "punitive and constructive damages in the amount of $22,430,000." <u>Id</u>. at *6.

The exhibits provide some further background as to plaintiff's claim. The claim arose from Hall's response to a water bill, dated January 17, 2024, in which the Water Board notified Hall that his "bill was now past due" and that he owed $10,158,96, and that this amount had to be paid by February 24, 2024. <u>See</u> Compl. Ex. B at *32. Hall responded in a letter titled "Notice of Tender of Payment," dated January 23, 2024, in which he "instruct[ed], Joseph Murin, Chief Financial Officer to apply the Principals balance enclosed to [Water Board]." <u>See</u> Compl. Ex. B at *31. The "attached Tender of Payment," consisted of the January 17, 2024, bill from Water

Board, or a copy thereof, with following handwriting added: "Ten Thousand Onehundred [sic] Fifty-Eight Dollars and Ninety-Six cents Payable to the Bearer." See Compl. Ex. B at *32.

Accompanying Hall's 'Notice of Tender of Payment,' was a letter titled "Notice of Claim to Interest," dated January 23, 2024. In that letter, Hall informed Water Board that should his "settlement offer," seemingly referring to the Notice of Tender of Payment, "be rejected by" the Water Board, then Hall "conditionally accepts the claim of debt owed to [the Water Board] upon verified proof of claim." Compl. Ex. A at *18. Hall further "instruct[ed] [the Water Board] to communicate its objection(s) and verified proof said claim to [Hall] in writing . . . within five (5) business days . . . or it is deemed that [the Water Board] agrees that the debt is fully set-off with payment in full, by tacit acquiescence and tacit procurement by [the Water Board]." Compl. Ex. A at *18.

On February 5, 2024, Hall sent a letter entitled "Notice of Opportunity to Cure" to Water Board. Compl. Ex. B at *40. As part of the documents enclosed in the "Notice of Opportunity to Cure," Hall attached a "Fee Schedule," which appear to list the various fees demanded by Hall from entities that interact with him. Compl. Ex. C at *35-38.

Subsequently, on February 12, 2024, Hall sent a letter titled "Notice of Default" to the Water Board. Compl. Ex. C at *47. Along with the 'Notice of Default,' Hall included an invoice of $22,430,000, charging the Water Board for actions according to his fee schedule. Compl. Ex. C at *52. The invoice included items such as "1. Name $50,000 . . . 7. Use of Street Address/Mailing Location of Secured Party $5,000 . . . 10. Fraud $1,000,000." Compl. Ex. C at *52. On February 29, 2024, Hall sent a letter titled "Certificate of Dishonor" to the Water Board. Compl. Ex. C at *54.

In his complaint, Hall explains his understanding of the situation as follows:

3

> [The Water Board] defaulted, and a new contract was accepted by all parties by defendant's tacit acquessence [sic] and tacit procuration. [The Water Board] did not respond to [Hall's] fee schedule, which detailed the penalties should the defendant dishonor plaintiff's bill of exchange and the aforementioned conditional acceptance offer. [The Water Board's] dishonor creates a debt to the plaintiff; which caused injury, stress, duress, impedes [Hall's] ability to engage in commerce, and restricts proper tax reporting.

Compl. at *5. Further, because the Water Board had not "complied," the Water Board is

> in breach of their own policy as well as their agreement with [Hall] which was procured administratively in accordance with the rules and procedures of contact law [sic] . . . Wherefore [Hall] believes [the Water Board] is deemed to have acquiesced to [Hall's] claim and is permanently estopped from challenge or making a counterclaim.

Compl. at *5. Hall alleges that the Water Board's failure to respond to his 'Notice of Claim to Interest' created a contract between the two parties under the "common law doctrine of estoppel by acquiescence." Compl. at *10.

For subject matter jurisdiction, the complaint asserts federal question jurisdiction. Compl. at *3, *8.

On July 3, 2024, Water Board filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. See Def. Mot.; Def. Mem. In response, on August 22, 2024, Hall filed documents he entitled "Motion to Suppress, "Memorandum of Law," and "Motion for Summary Judgement," which were filed together and which the Court cites by the pages assigned by the ECF system. See Response.

Because we find the Court lacks subject matter jurisdiction over this matter, we need not address the Water Board's alternative grounds for dismissal, Hall's "Motion to Suppress," or his "Motion for Summary Judgement."

4

II. STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A case must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff carries "the burden of proving by a preponderance of the evidence that [jurisdiction] exists." Id. When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based exclusively on the face of the complaint, "the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).

"Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990) (citation and punctuation omitted).

Pro se plaintiff filings are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (punctuation omitted); accord Littlejohn v. City of N.Y., 795 F.3d 297, 322 (2d Cir. 2015); see also Hill v. Curcione, 657 F.3d 116, 122

5

(2d Cir. 2011) (review of pro se complaint for sufficiency requires "special solicitude, interpreting the complaint to raise the strongest claims that it suggests") (punctuation omitted). However, "pro se litigants still must establish subject matter jurisdiction to proceed in federal court." Harrison v. New York, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015); accord Torres v. Blackstone Grp., 2019 WL 4194496, at *2 (S.D.N.Y. Sept. 3, 2019) ("Notwithstanding the liberal pleading standards afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction.") (punctuation omitted), aff'd, 836 F. App'x 49 (2d Cir. 2020).

III. DISCUSSION

28 U.S.C. § 1331 instructs that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Most directly, a case arises under federal law when federal law creates the cause of action asserted," Gunn v. Minton, 568 U.S. 251, 257 (2013), which "must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). The so-called "well-pleaded complaint rule" instructs "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (punctuation omitted). "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006).

A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S.

6

500, 513 (2006). However, a claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10.

Thus, for a complaint to sufficiently establish federal question jurisdiction, the asserted basis must "survive[] facial scrutiny and [be] neither immaterial nor insubstantial." Nowak v. Ironworkers Loc. 6 Pension Fund, 81 F.3d 1182, 1190 (2d Cir. 1996). In other words, while "[e]ven a somewhat marginal federal question claim may suffice to support pendent jurisdiction. . . . there must be some minimum degree of substantiality or non-frivolity to the federal claim. If the claim is obviously without merit or wholly frivolous the federal court may dismiss for want of jurisdiction." Nolan v. Meyer, 520 F.2d 1276, 1278 (2d Cir. 1975); see also Bell v. Hood, 327 U.S. 678, 682-83 (1946) ("a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous") (citations omitted).

As noted, the gravamen of plaintiff's complaint is that the Water Board has breached a contract that Hall claims was created when the Water Board acquiesced in Hall's "Notice of Tender of Payment," but then failed to honor it. Compl. at *5. This claim for a breach of contract arises under state law and cannot support an assertion of federal question jurisdiction under 28 U.S.C. § 1331. See Sunvestment Energy Group NY 64 LLC v. Natl. Grid USA Services Co., Inc., 2024 WL 4096360, at *6 (2d Cir. Sept. 6, 2024) (where complaint "merely contain a state-law claim for breach of contract," such a claim "would not raise a federal question"); Oparaji v. Teachers' Ret. System of City of New York, 2024 WL 3046120, at *3

7

(S.D.N.Y. June 18, 2024) ("Claims of breach of contract, which are governed by state law, do not themselves raise a federal question."); Joyner v. Alston & Bird LLP, 2021 WL 2149316, at *4 (S.D.N.Y. May 27, 2021) ("There is no federal breach of contract statute.  Thus, Joyner's claim necessarily arises under state law."), report and recommendation adopted, 2021 WL 4296433 (S.D.N.Y. Sept. 21, 2021).

Hall's complaint lists a number of federal statutes or constitutional provisions that he claims supply the source of federal question jurisdiction.  These consist of

> The Federal Reserve Act, The Bill of Exchange, The Truth in Lending Act, Public Law 73-10, Title 15 USC 1601-1692, Title USC 1431, The Trademark Act, The Fifth Amendment Takings Law, Uniform Commercial Code, The Sherman Act.

Compl. at *3.  In his response to the motion to dismiss, Hall's opposition papers adds the following additional federal authorities: "15 USC § 45 Unfair or deceptive acts or practices," "Amendment 5.5.2 Public Use and the Takings Clause," the "Federal Trade Commission Act, (pursuant to) Section 5(a)," "12 USC § 411 and 12 USC § 226," "Chapter 2(6) of the Negotiable Instruments Act of 1881, regarding the Bill of Ex[c]hange."  Response at *3-*6.

Notably, Hall complaint provides no information on how the authorities cited there have a nexus to his breach of contract claim.  "Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction." Dante v. Ralphs Supermarket, 2024 WL 4188926, at *2 (S.D.N.Y. Sept. 11, 2024) (citing Nowak, 81 F.3d at 1188-89); accord Nolan, 520 F.2d at 1278.  The Court does not find it necessary to enumerate why each of the dozen or more federal citations do not provide subject matter jurisdiction.  Some provide no private right of action, and none have any relation to the breach of contract claim that is the gravamen of the complaint and provides the basis for plaintiff's claim of damages.

Hall does provide a few additional factual allegations in his response to the defendant's motion in an apparent effort to shore up the relevance of the federal statutory or constitutional provisions. See, e.g., Response at ¶ 6 (alleging that Water Board "violated Article 1, Section 8, Clause 3 of the United States Constitution, 'Commerce Clause'; by refusing my negotiable instruments, Water Board has again usurped its power to believe they are more relevant than the Laws of the United States Government and they are not."). These new allegations do not cure the defects in the complaint because "[t]he federal questions 'must be disclosed upon the face of the complaint.'" Phillips Petroleum Co., 415 U.S. at 127-28. In any case, the cited federal authorities have nothing to do with Hall's breach of contract claim or his claim for damages. Instead, Hall has thrown together a laundry list of irrelevant federal authorities. They thus "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction." Bell, 327 U.S. at 682. The federal claims are also "wholly insubstantial and frivolous," and thus also fail to invoke federal question jurisdiction. Id. at 682-83. Accordingly, the complaint does not allow the invocation of federal question jurisdiction. Id; accord Nolan, 520 F.2d at 1278.

Finally, we note that Hall does not claim that there is diversity jurisdiction under 28 U.S.C. § 1332 and the allegations do not show that the plaintiff and defendants fit any of the categories of diversity jurisdiction, such as a claim between citizens of different states. Id. § 1332 (a)(1).

IV. CONCLUSION

For the foregoing reasons, Water Board's motion to dismiss for lack of subject matter jurisdiction should be granted. The dismissal should be without prejudice. See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the

9

case with prejudice.") (citation, alterations, and internal quotation marks omitted).  However, plaintiff should not be granted leave to amend because no amendment to add additional federal authorities or factual allegations could cure the defects in the complaint.  <u>Hassan v. U.S. Dep't of Veteran Affs</u>., 137 F. App'x 418, 420 (2d Cir. 2005) (while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile"); <u>Henneberry v. Sumitomo Corp. of Am</u>., 532 F. Supp. 2d 523, 531 (S.D.N.Y. 2007) ("although Rule 15 provides that leave to amend shall be granted freely, leave need not be granted to permit an amendment embodying plainly defective claims") (citation and punctuation omitted).

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to Judge Cronan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: October 15, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge