UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                      :

ANTHONY WINSTON HALL,                    :

                       Plaintiff,                 :         24 Civ. 2483 (JPC) (GWG)

           -v-                                 :         <u>ORDER ADOPTING</u>
                                                       :         <u>REPORT AND</u>
NYC WATER BOARD, Chief Financial Officer JOSEPH   :        <u>RECOMMENDATION</u>
MURIN, Agents, Successors, and Assigns,              :

                    Defendants.              :
                                                      :
------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Anthony Winston Hall brings this action alleging breach of contract by the New York City Water Board (the "Water Board"), a named employee, and unknown agents, successors, and assigns. Dkt. 1. By Order dated October 15, 2024, the Honorable Gabriel W. Gorenstein, to whom this case has been referred for general supervision of pretrial proceedings and the issuance of a report and recommendation on any dispositive motion, *see* Dkt. 11, issued a Report and Recommendation, recommending that the Court grant the Water Board's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), Dkt. 21, and dismiss this case without prejudice. Dkt. 27.

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no

objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation was entered on October 15, 2024, and was mailed to Plaintiff at his address on the docket the following day, October 16, 2024. Citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 27 at 11. No objections have been filed and the time for making any objections has passed, even if the additional three days under Federal Rule of Civil Procedure 6(d) were to apply. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety and dismisses this case without prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close Docket Numbers 21 and 24, and to close this case.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[1] The Court has received a mailing from Plaintiff, dated October 28, 2024, entitled "Motion for Interpleader Disbursement," in which Plaintiff apparently moves the Court to award him $40,000,000. The motion contains no statement which the Court can construe as an objection to Judge Gorenstein's Report and Recommendation. For the reasons given in the Report and Recommendation, the Court lacks subject matter jurisdiction to adjudicate this submission, which would be wholly without merit in any case.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    SO ORDERED.

Dated: November 7, 2024
       New York, New York

                                                JOHN P. CRONAN
                                          United States District Judge